the incident referred to occurred fifteen or twenty years before the cutting for which the defendant was on trial.

(131 So. 298)

**EASTERLY v. NATALBANY LUMBER CO.**

No. 30324.

Nov. 3, 1930.

Rehearing Denied Dec. 1, 1930.

Kemp & Buck, of Amite, and Brady, Dean & Hobbs, of Brookhaven, Miss., for appellant.

H. K. Strickland and Fred G. Benton, both of Baton Rouge, for appellee.

O'NIELL, C. J.

This is an action for damages alleged to have been done to plaintiff's farm by two fires alleged to have been set out by the locomotive of the defendant's logging train. The suit was for $7,600; that is, $600 for destruction of fencing, and $7,000 for destruction of pasturage. The district court gave judgment in favor of the plaintiff for $1,000; from which the defendant has appealed; and the plaintiff, answering the appeal, prays for an increase of the judgment to the amount sued for.

The case presents only two questions, both questions of fact, viz.: First, whether the fires were set out by the locomotive or originated from some other cause; and, second, as to the extent of the damage done. It would serve no useful purpose to publish an analysis of the testimony on either subject. We agree with the district judge that there is sufficient proof that the fires were caused by sparks or cinders from the defendant's locomotive. In fact, there is no doubt about the origin of the first fire, and very little, if any, doubt about the origin of the second—which occurred five or six days after the first fire. The employees on the logging train were very negligent in dumping large quantities of live coals from the ash pan, and leaving them to be fanned into flames by the wind, during a protracted drought. The evidence shows also that the locomotive emitted such large sparks and cast them so far as to leave the inference that the locomotive was not equipped with an efficient spark arrester. There is some doubt as to whether the fires were caused by the live coals dumped from the ash pan or by the sparks emitted from the smoke stack; but there is very little, if any, doubt that the fires originated from either one or the other of these causes.

As to the extent of the damage done, we do not believe that we can make a more accurate estimate than that of the district judge. The evidence for the plaintiff makes a rather strong showing that the damage to the pasturage was more than the district judge's estimate; but we find that some of the damage in that respect was done by the drought before the fires occurred.

The judgment is affirmed.